No.  90-260

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

H. ALLEN KEEBLER and BETTY KEEBLER,

     Plaintiffs and Respondents,

-vs-

NEVINS HARDING and RITA HARDING,

     Defendants and Appellants.

**FILED**

MAR 21 1991

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
In and for the County of Carbon,
The Honorable G. Todd Baugh, Judge presiding.


COUNSEL OF RECORD:

     For Appellant:

          Gary L. Beiswanger, Attorney at Law, Billings,
Montana

     For Respondent:

          Richard F. Cebull; Anderson, Brown, Gerbase, Cebull,
Fulton, Harman & Ross, P.C., Billings, Montana


Submitted on Briefs:  November 8, 1990

Decided:  March 21, 1991

Filed:

Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

Defendants and appellants, Nevins and Rita Harding, appeal from a judgment of the District Court of the Thirteenth Judicial District, Carbon County, sitting without a jury, denying their claim of the existence of a public or private easement by prescription or otherwise across property owned by plaintiffs and respondents, H. Allen and Betty Keebler. The court permanently enjoined the appellants from using respondents' property without permission and from interfering in any way with their possession, use and enjoyment of their property. We affirm.

The sole issue on appeal as framed by this Court is whether the District Court properly determined that appellants failed to establish the existence of a prescriptive easement across the respondents' property.

Defendants and appellants are owners of a 320-acre tract of land located in Carbon County, Montana. Their land is completely surrounded by respondents' adjoining land. Appellants' land was originally homesteaded by Horace Pierce in 1914 but has not been owner-occupied since the 1920's when Mr. Pierce moved to Laurel, Montana. Appellant Rita Harding initially purchased the property in her own name in July, 1983, from Ethel Pierce, absentee owner and widow of Horace Pierce. She later transferred one-half interest in the property to her husband, Nevins Harding.

Access to the appellants' property is by a road which runs in a northwesterly direction from the Edgar/Pryor Road across land owned by Arden and Gloria Blair, who are not parties to this

action, and across land owned by the respondents. From the appellants' property the road continues in a northwesterly direction toward Silesia, Montana, across lands owned by the respondents and other persons not parties to this action to a point where it forks, with one route continuing toward Silesia, and the other route turning south until a point where it joins a county road which ultimately intersects the Edgar/Pryor Road. Improvements have been made to the road at unestablished times over the years. Apparently the road has followed substantially the same course since homestead days. Gates across the road exist in several locations. However, it appears that none of the gates had ever been locked until some time after the respondents purchased their property from Gerald Greeno in 1979.

This dispute arose shortly after the appellants purchased their property in 1983. On August 6 of that year, they met with respondents who told them that no easement existed across their land to appellants' land. In the fall of 1983, the appellants began cutting chains from gates across the road on respondents' property for access to their land. The respondents discontinued locking their gates in 1984.

The respondents filed this action on April 11, 1988, requesting the District Court to declare that appellants have no right, title, or interest whatsoever across the respondents' land and to enjoin them from trespassing across their lands as a means of ingress to and egress from their property. The respondents' position was that access across their lands has always been

3

permissive while appellants claimed a prescriptive easement over the route the road takes across the respondents' property. Both parties agreed that the road over which the appellants claimed the easement is not a county road, and that there is no easement by implication or necessity due to a lack of commonality of ownership. The District Court entered its findings of fact, conclusions of law, and judgment in favor of the respondents on February 9, 1990. This appeal followed.

The party seeking to establish a public or private easement by prescription has the burden of showing several elements. That party must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period. Downing v. Grover (1989), 237 Mont. 172, 175, 772 P.2d 850, 852. The statutory period is five years. Section 70-19-401, MCA.

The appellants were unable to sustain their burden of proof of a private easement by prescription for the period of time after they purchased their property. The record shows appellants' first distinct and positive assertion of a claim of right to use the road occurred in the fall of 1983 when they cut chains from the respondents' gates. The respondents subsequently brought this action in April, 1988, within the five-year statutory period. Therefore, the existence of a prescriptive easement depends on whether the historical use of the road was adverse or permissive. If permissive use is shown, no easement can be acquired since the theory of prescriptive easements is based on adverse use. Wilson

4

v. Chestnut (1974), 164 Mont. 484, 525 P.2d 24.

To be adverse, the use of the alleged easement must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owner of the land; such claim must be known to, and acquiesced in by, the owner of the land. Taylor v. Petranek (1977), 173 Mont. 433, 437, 568 P.2d 120, 122. Once the required elements are established, adverse use is presumed. O'Conner v. Brodie (1969), 153 Mont. 129, 137, 454 P.2d 920, 925. Additionally, adverse use will be presumed and will be sufficient to establish a title by prescription if there has been unexplained use of the alleged easement for the full statutory period. Taylor, 173 Mont. at 437, 568 P.2d at 122. Either presumption may be overcome by evidence that the use was permissive. See, Rathbun v. Robson (1983), 203 Mont. 319, 661 P.2d 850; Thomas v. Barnum (1984), 211 Mont. 137, 684 P.2d 1106.

The District Court determined the use of the road across the respondents' property had historically been permissive until the appellants purchased their property in 1983 and, therefore, any presumption of adverse use was effectively rebutted. The court further concluded that even if a private easement had been established prior to 1983, any such easement was extinguished by inconsistent acts on the part of the appellants and their predecessors in interest.

The appellants challenge the District Court's determination of permissive use, attacking many of the court's findings of fact as clearly erroneous. Our standard of review of a district court's

5

findings of fact is clear. Rule 52(a), M.R.Civ.P., provides in pertinent part:

> Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses. . . .

If the district court's findings are based on substantial credible evidence, they are not clearly erroneous. <u>Downing</u>, 237 Mont. at 178, 772 P.2d at 853. Upon reviewing the record, we hold the District Court's findings of fact are not clearly erroneous.

Several witnesses testified concerning the historical use of the road over which the appellants claim a prescriptive easement. Four of these witnesses, Tom Taylor, Glen Marsh, Dorothea Landy and Ethel Holton, were elderly and knew the road from the "old days." The District Court found that:

> The gist of their testimony was that the use and custom since homesteader days was that in this area people came and went on this road/trail as necessary to their purposes with the understanding among all that use of this sort was conditioned upon observation of the proper respect for the landowner's interests and uses. The Court finds and concludes that this use was pursuant to implied consent of the landowner.

Appellants argue that these witnesses did not necessarily appreciate the subtle distinctions involved when describing the nature of the use under cross-examination by the respondents' counsel and that it is clear that permission was something never considered by the users over the years. It appears the District Court was fully aware of this possibility and specifically found that, although these witnesses were elderly, they were "in full command of their faculties" and "[t]heir memories seemed sharp."

6

Furthermore, based on our review of the record, we conclude the District Court's finding is an accurate reflection of these witnesses' testimony.

Arden Blair also testified to permissive use of the road. He testified that the road over his land is currently being used with permission and that he provides a key to a locked gate on his property to people wishing to use the road. He also testified that his predecessors in interest had given permission to Gerald Greeno, the respondents' predecessor in interest, to use the road across the Blair property.

The appellants challenge Mr. Blair's testimony arguing that he was not a credible witness. In non-jury trials, the credibility of witnesses and the weight accorded their testimony is a matter properly left to the discretion of the district court. Matter of Estate of Murnion (1984), 212 Mont. 107, 113, 686 P.2d 893, 896. The District Court found Mr. Blair to be a "totally credible and truthful" witness. We will not substitute our judgment for that of the District Court's.

We have previously held that evidence of a local custom of neighborly accommodation or courtesy, without more, is sufficient to establish permissive use. In Taylor v. Petranek (1977), 173 Mont. 433, 438, 568 P.2d 120, 123, this Court stated:

> Here the record is replete with testimony from both plaintiff's and defendant's witnesses that the homesteaders who initially lived in the area developed common practice of allowing others to cross their lands to reach Suffolk. This evidence is sufficient to support a use permissive in its inception and not under a claim of right.

7

See also, Rathbun v. Robson (1983), 203 Mont. 319, 661 P.2d 850. We hold the District Court properly determined that the use of the road over which the appellants claim an easement has always been permissive and, therefore, no private easement by prescription exists. Because we hold the appellants failed to establish a private easement by prescription, we need not consider whether such easement was extinguished.

The District Court also correctly determined that no public easement by prescription exits over the road in question. There is evidence in the record that the road has occasionally been used by hunters, hikers, neighbors gathering firewood, and others. However, this type of occasional use has been held to be insufficient to raise a presumption of adverse use. See, Graham v. Mack (1985), 216 Mont. 165, 699 P.2d 590; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613; Ewan v. Stenberg (1975), 168 Mont. 63, 541 P.2d 60.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

8