No. 97-692

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 82N

IN THE MATTER OF THE ESTATE OF
WILLIAM RUSSELL MANGER, Deceased.

HALMES LIVESTOCK COMPANY,
a Montana Partnership,

Plaintiff and Appellant,

v.

ESTATE OF WILLIAM RUSSELL MANGER,
Deceased, and KATHLEEN E. JOHNSTON, as
the Personal Representative of the Estate of
William Russell Manger,

Defendants and Respondents.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and for the County of Meagher,
The Honorable Roy C. Rodeghiero, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

John Keith, Great Falls, Montana

For Respondent:

John V. Potter, White Sulphur Springs, Montana

Submitted on Briefs: March 12, 1998

Decided:  April 14, 1998
Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases by this Court.

¶2    Halmes Livestock Company (Appellant) appeals from the November 4, 1997 order of the Fourteenth Judicial District Court, Meagher County, entering summary judgment in favor of the Estate of William R. Manger, Deceased (the Estate).  We affirm.

¶3    Appellant and William R. Manger (Manger) were adjacent ranch owners.  For more than 50 years, Appellant and Manger, and their respective predecessors in interest, have engaged in what has been termed a "neighborly exchange or accommodation" whereby each respective owner has agreed to use approximately 300 acres of land belonging to the other owner.  Clifton J. Coleman, a neighboring rancher, testified that these exchanges or accommodations are common, and are undertaken to make general ranch operations, such as building fences and watering livestock, easier and more convenient.

¶4    Appellant came into possession of his land in 1977, and continued to use Manger's land as did his predecessors.  Appellant claims that in 1988, he and Manger orally agreed to a formal acre-for-acre trade of the exchanged lands, and that Appellant would pay $100 per acre of surplusage he would receive as a result of the trade.  Appellant submitted only one item as evidence of the purported trade agreement; a written, signed lease executed by Manger and a third party in which Manger indicated he "may effect an exchange of these lands with Halmes in which event the lands exchanged . . . will be released from this lease and the lands received . . . will be substituted therefor."  For unknown reasons, no formal trade occurred.  Appellant and Manger continued to use each other's land.  Appellant claims that he improved Manger's land in reliance on the purported trade agreement.

¶5    After Manger died in 1995, Appellant sought to enforce the agreement against the Estate, but the Estate refused.  Appellant then brought this action for either specific performance or, alternatively, a declaration of prescriptive easement over, or adverse possession of, Manger's land.  The District Court granted summary judgment in favor of the Estate.  Appellant then filed this appeal on the issues of specific performance and prescriptive easement.  We affirm.

¶6    Appellant's claim for specific performance is without merit for two reasons. First, the purported trade agreement between Appellant and Manger fails the statute of frauds, §§ 28-2-903, 30-11-111, and 70-20-101, MCA.  The lease agreement between Manger and the third party, although a written, signed expression, merely stated that Manger may exchange lands with Appellant in the future.  The lease did not contain the specific terms of the purported trade agreement.  Agreements to agree, and agreements with uncertain terms, are unenforceable in law and in equity.  Section 27-1-412(5), MCA; Quirin v. Weinberg (1992), 252 Mont. 386, 393, 830 P.2d 537, 541.

¶7    Second, there was no part performance to remove the oral agreement from the statute of frauds.  In Quirin, we stated:

> To be an act sufficient to constitute part performance, . . . the act must be unequivocally referable to the contract. . . . [W]hen possession is taken in pursuance of a contract, followed by the making of valuable improvements, there is a sufficient part performance. [Emphasis supplied.]

Quirin, 252 Mont. at 393, 830 P.2d at 541 (citations omitted).  The sufficiency of acts to constitute part performance can be decided as a matter of law. Quirin, 252 Mont. at 393, 830 P.2d at 541.  In this case, the fact that Appellant made valuable improvements on Manger's land is not enough to constitute part performance.  Appellant must show that these improvements and any other acts of possession were taken in pursuance of the purported contract, and not in continuance of the neighborly accommodation.  Appellant submitted no proof that the character of his possession of Manger's land ever changed from that of neighborly accommodation to one in pursuance of the contract. Appellant failed to establish that his post-1988 improvements on Manger's land were "unequivocally referable" to the purported trade agreement.

¶8    Appellant's claim for a prescriptive easement over Manger's land is also without merit.  A party seeking to establish a prescriptive easement must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the claimed easement for the statutory period.  Keebler v. Harding (1991), 247 Mont. 518, 521, 807 P.2d 1354, 1356.  To be adverse, the use of the claimed easement must be exercised under a claim of right and not permissive. Keebler, 247 Mont. at 521, 807 P.2d at 1356-57.  In this case, the record clearly shows that historically, the exchange and use of the subject lands by the current owners and their predecessors was permissive, a neighborly accommodation.  As a courtesy, each rancher permitted the other rancher to use and improve 300 acres of his land.  Although a use permissive in its inception may ripen into a prescriptive easement, it cannot do so unless there is a later distinct and positive assertion of a right adverse to the owner.  Taylor v. Petranek (1977), 173 Mont. 433, 437, 568 P.2d 120, 123.  Appellant neither alleged nor proved that he made a distinct and positive assertion that his use of Manger's 300 acres was hostile or adverse.  Appellant having failed to establish adverse use, his claim for prescriptive easement fails.

¶9    We hold that there exists no genuine issue of material fact and that the Estate is entitled to judgment as a matter of law.  Affirmed.

/S/  WILLIAM E. HUNT, SR.

We Concur:

/S/  KARLA M. GRAY
/S/  W. WILLIAM LEAPHART
/S/  JIM REGNIER
/S/  TERRY N. TRIEWEILER