ARIE TE SELLE, Plaintiff and Appellant, *v.* WILBUR STOREY, Defendant and Cross-Complainant and Respondent (Arie Te Selle and His Wife, Julia Te Selle, Cross-Defendants and Appellants).

No. 9565.

Submitted September 17, 1957.  Decided December 4, 1957.

Rehearing Denied December 31, 1957.

319 Pac. (2d) 218.

Mr. Lyman H. Bennett, Virginia City, Mr. Lyman H. Bennett, Jr., Bozeman, for appellants.

Mr. H. A. Bolinger, Jr., Mr. George W. Horkan, Bozeman, for respondent.

Mr. Bennett, Sr. and Mr. Horkan argued orally.

MR. JUSTICE ANGSTMAN:

This is an action to quiet title to approximately one-half section of land situated in Gallatin County and specifically described in the complaint.

The complaint after alleging plaintiff's ownership of the land alleges that defendant claims some interest therein which claim is without right. It then alleges that defendant for about five years has been interfering with plaintiff's enjoyment of the land by dumping water into and over it without right.

Defendant filed an answer and cross-complaint. In it he denied plaintiff's ownership of the lands involved, and denied generally all the allegations of plaintiff's complaint. He pleaded two alleged affirmative defenses.

In the first affirmative defense he pleaded that plaintiff's cause of action, so far as it affects a right-of-way easement over the lands for a water ditch and water pipe line which is particularly described, was barred by sections 67-1203, 93-2504 and 93-2505, R.C.M. 1947.

In the second affirmative defense he alleged that plaintiff's cause of action, so far as it affects another easement being a right-of-way easement over the lands described in the complaint through a water course to carry 300 inches of water which was specifically described, was barred by sections 67-1203, 93-2504 and 93-2505, R.C.M. 1947.

The answer also contained a cross-complaint which contained two causes of action.

In the first, defendant alleged that he is the owner of the easement described in the first affirmative defense and sought to have the title quieted in him.

In the second, he alleged that he owns the easement described

in the second affirmative defense and sought to have his title thereto quieted. In the cross-complaint, he named Julia Te Selle as a cross-defendant, she being the wife of plaintiff.

The reply filed by plaintiff and Julia Te Selle admitted that defendant is the owner of the easement described in the first affirmative defense and referred to in the first cause of action set out in the cross-complaint. As to this easement the court found for defendant according to the admission in the pleadings, and there is no controversy here as to it.

The reply put in issue the allegations contained in the second affirmative defense and in the second cause of action contained in the cross-complaint. As to this easement the court found in favor of the defendant and quieted title thereto in him.

The court found that the allegations of plaintiff's complaint are not sustained by a preponderance of the evidence and dismissed his complaint on the merits.

From the decree entered on these findings plaintiff and cross-defendant, Julia Te Selle, have appealed.

The court found that for more than ten years immediately preceding the commencement of plaintiff's action the defendant and cross-complainant, Wilbur Storey, and his grantors and predecessors in interest have been in open, visible, continuous and unmolested use of a right-of-way easement to flow 250 inches, miner's measurement, of water through a water course and stream bed in a draw situated on the land described in plaintiff's complaint, and particularly describing the water course and stream bed as it was described in the answer and cross-complaint.

The record shows that defendant's land was and is adjacent to that of plaintiff; that defendant entered into a contract to purchase his land in 1946 and obtained the deed in the year 1948. Prior to that time and ever since 1923 until the time he entered into the contract of purchase he occupied the land as a tenant. This action was commenced in March 1953.

Plaintiff, in reliance upon the rule stated in Deregibus v. Silberman Furniture Co., 121 Conn. 633, 186 A. 553, 105 A.L.R.

1183, contends that the time when defendant occupied the land as a tenant cannot be tacked to the time when he was in possession as owner so as to make up the period of ten years required by statute to obtain title by adverse possession. The rule stated in the Deregibus case does not control this case.

R.C.M. 1947, section 67-1203, reads: "Occupancy for the period prescribed by Title 93 as sufficient to bar an action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all." In Title 93, referred to in section 67-1203, are sections 93-2501 to 93-2515, inclusive, which prescribe ten years as the period of limitations.

The same contention, here made with reference to combining the time of two or more occupants to make up the ten-year period, was before this court in Rude v. Marshall, 54 Mont. 27, 166 Pac. 298. In that case Walsh owned the land in controversy from 1898 until 1905 when he sold to Marshall. The court held that defendant Marshall could show title by prescription if he could prove that his possession, when added to that of Walsh's, covered a period of ten years.

Here the deed to defendant after describing the property by legal subdivisions contained this clause: "Together with all the tenements, hereditaments, and appurtenances, water rights and water ditches to the same belonging." It follows that if defendant's predecessor used the ditch for more than ten years there was title in him by prescription which passed to defendant by the deed, and it is of no consequence that the deed did not specially mention the ditch right as an appurtenance. McDonnell v. Huffine, 44 Mont. 411, 120 Pac. 792; Yellowstone Valley Co. v. Associated Mtg. Investors, 88 Mont. 73, 290 Pac. 255, 70 A.L.R. 1002, and cases therein cited.

A title by prescription is as effective as though evidenced by deed. Groshean v. Dillmont Realty Co., 92 Mont. 227, 12 Pac. (2d) 273, and Stetson v. Youngquist, 76 Mont. 600, 248 Pac. 196. And where claimant had shown open, visible, continuous and unmolested use for the statutory period, such use

will be presumed to be under a claim of right, and not by license. The burden of showing otherwise is on the owner. Glantz v. Gabel, 66 Mont. 134, 212 Pac. 858, and authorities therein cited.

Continuous use does not imply constant use. All that is necessary to obtain title by prescription to a ditch conveying water is that the ditch be used whenever water was needed. Hays v. DeAtley, 65 Mont. 558, 212 Pac. 296.

Here there was evidence that predecessors in interest of plaintiff knew that from 1892 to 1924, between 250 and 300 inches of water were being conducted down this draw or stream bed to the lands now owned by defendant and that no objection was made to such use.

Defendant testified that between 1923 until 1946 he occupied the land as tenant; that the person leasing it to him instructed him to run the water down the draw or stream bed on plaintiff's land to irrigate the leased land; that whenever he needed water since 1924 to the time of the trial he ran it down the draw or stream bed to the leased land. No one ever molested him in the use of the ditch or draw until in 1952.

There was evidence to support the conclusion that from 1922 until 1942, 250 inches of water was conveyed in the draw or stream bed to defendant's land. The water was turned into the draw from the High Line Irrigation Company canal by the ditch rider, Joe Braaksma, or the superintendent of the High Line canal, Mr. VanderArk.

The evidence was ample to sustain the finding of the trial court that defendant had acquired title to the easement by prescription.

The general rule is that adverse use of an easement over land of a third person by a tenant under his lease inures to the benefit of the landlord to support the latter's right to such easement by prescription. 32 Am. Jur., Landlord & Tenant, section 20, page 44.

The circumstances here were sufficient to show that defendant's landlord knew that defendant was occupying the

draw to stream bed to conduct water to the land occupied by him as a tenant, assented thereto, and in fact instructed him so to do. These circumstances are sufficient to show that defendant was at least impliedly occupying and using the draw or stream bed under and by virtue of his lease, and hence the cause is controlled by the rule pointed out in Capps v. Merrifield, 227 Mich. 194, 198 N.W. 918, and recognized in the Deregibus case, supra; Olsen v. Noble, 209 Ga. 899, 76 S.E. (2d) 775; Abatiell v. Morse, 115 Vt. 254, 56 A. (2d) 464; and compare Pioneer Min. Co. v. Bannack Gold Min. Co., 60 Mont. 254, 198 Pac. 748.

Plaintiff contends also that the court erred in deciding the case before it was finally submitted to the court. He contends that the court decided the issues before his reply brief was filed. There is no merit in this contention. Plaintiff filed a motion for new trial, and if he had material in his reply brief that called for a different result it could and should have been presented to the court at that time.

We fail to see how plaintiff's rights were in any wise prejudicially affected in this regard.

Plaintiff contends that the court erred in not quieting his title to the land described in the complaint. There is merit in this contention. The evidence shows that plaintiff is the owner of the land described in the complaint, subject, of course, to the easements admitted or proved, and there is no proof to the contrary. His title should be quieted by decree of the court. Other contentions were made by plaintiff, but we see no cause for disturbing the decree of the court other than as above indicated.

The judgment and decree quieting title to the easements in defendant is affirmed; the decree is reversed so far as it dismisses plaintiff's complaint, and the cause is remanded with directions to enter a decree quieting title in plaintiff, subject to the easements admitted and proved. Each party will pay his own costs on this appeal.

8

MR. CHIEF JUSTICE HARRISON, and MR. JUSTICES CASTLES, BOTTOMLY, and ADAIR, concur.