No. 98-414

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 25N

WESTERN FEDERAL SAVINGS BANK

OF MONTANA, INC., a Montana corporation,

Plaintiff and Respondent,

v.

RAYMOND P. TIPP, individually; DOUGLAS G.

SKJELSET, individually; TIPP, FRIZZELL & BULEY,

a partnership, et al.,

Defendants and Appellants.

No

APPEAL FROM: District Court of the Fourth Judicial District,

In and for the County of Missoula,

Honorable Douglas G. Harkin, Judge Presiding.

COUNSEL OF RECORD:

For Appellants:

Richard R. Buley, Tipp & Buley, P.C., Missoula, Montana

For Respondent:

Ronald A. Bender, Worden, Thane, & Haines, Missoula, Montana

Submitted on Briefs: January 14, 1999

Decided: February 18, 1999

Filed:

No

_____

Clerk


Chief Justice J. A. Turnage delivered the Opinion of the Court.

**¶1. Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.**

**¶2. This is an action for declaratory judgment as to whether any or all of the Defendants have established a prescriptive easement for the use of eight parking spaces on property adjoining theirs and owned by the Plaintiff, Western Federal Savings Bank of Montana, Inc. (the Bank). The District Court for the Fourth Judicial District, Missoula County, ruled that the Defendants have not established such an easement. Defendants appeal. We affirm.**

**¶3. Defendants raise three issues on appeal. The first issue, whether the District Court erred in concluding that the Defendants' use of the eight parking spaces did not establish a prescriptive easement, is dispositive.**

**¶4. A prescriptive easement is established by open, notorious, exclusive, adverse, continuous, and uninterrupted use of the claimed easement for five years. *Wareing v. Schreckendgust* (1996), 280 Mont. 196, 204, 930 P.2d 37, 42. Defendants state their first issue as whether substantial evidence supports the court's conclusion that their use of the disputed parking spaces as established at trial did not constitute open, exclusive, notorious, hostile, adverse, continuous, and uninterrupted use so as to establish a prescriptive easement. They argue that the evidence supports a finding that all of the elements of prescriptive easement were established.**

**¶5. Defendants have combined their argument to address both findings and conclusions, and in so doing have muddied our standard of review. Each element**

necessary to establish a prescriptive easement must be proved at the district court level by clear and convincing evidence. *Wareing*, 280 Mont. at 206, 930 P.2d at 43. Our standard of review of findings of fact is whether they are clearly erroneous and of a conclusion of law is whether the lower court's conclusion is correct. *Wareing*, 280 Mont. at 202-03, 930 P.2d at 41.

¶6. As to whether Defendants' use of their alleged easement was open, Defendants point to the testimony of the vice-president of the Bank that he was aware of Defendants' use of parking spaces in the Bank's parking lot since the mid-1980's. Open and notorious use, however, must be "so patent that the owner could not be deceived." *Collins v. Thode* (1918), 54 Mont. 405, 412, 170 P. 940, 941. It was undisputed that the Bank made its parking lot available for the use of customers doing business there. That the Defendants parked in the eight disputed parking spaces, or anywhere else on the Bank's parking lot, was consistent with the evidence that some of the Defendants were customers of the Bank having accounts and conducting business there and that other Defendants referred their clients to the Bank for business purposes.

¶7. "[T]o be adverse, the use must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owner of the land; such claim must be known to, and acquiesced in by, the owners of the land." *Thomas v. Barnum* (1984), 211 Mont. 137, 684 P.2d 1106, 1110, overruled on other grounds, *Warnack v. Coneen Family Trust* (1994), 266 Mont. 203, 879 P.2d 715, quoting *Taylor v. Petranek* (1997), 173 Mont. 433, 437-38, 568 P.2d 120, 122. Use is regarded as permissive when it "does not injure or interfere with the owner's use." *White v. Kamps* (1946), 119 Mont. 102, 116, 171 P.2d 343, 349. A customer who, like the Defendants here, parks in an open parking lot with other customers and employees of the owner on a first-come first-served basis, with nothing further, is not making adverse use of property. The extent of Defendants' use of the eight parking spaces (all day, nearly every day, in at least some of the disputed parking spaces) does not establish adverse use; it only establishes that the Defendants exploited the Bank's magnanimity.

¶8. Defendants allege that the Bank's counsel wrote to them on behalf of the Bank in the mid-1980's, objecting to their use of the eight parking spaces, and that their continued use of those spaces after that time established the adverse element of prescriptive easement. However, Defendants offered no documentary proof of the

alleged mid-1980's correspondence from the Bank's counsel and, in their testimony, the Bank's counsel and Bank officials denied that such correspondence existed.

¶9. The record, then, does not support a claim that Defendants did anything prior to 1991 to indicate that they were asserting rights contrary to the Bank's regarding the parking spaces. In 1991, Defendants rejected the Bank's request that they stop using the parking spaces to accommodate planned Bank expansion. The statutory period for establishing a prescriptive easement did not, however, expire between 1991 and the time this suit was filed in 1993.

¶10. Defendants have not specifically challenged any of the District Court's findings of fact; nor did they produce clear and convincing evidence that their use of the eight parking spaces was open and notorious, that it was adverse, or that their claimed prescriptive use extended throughout the statutory period. Because they did not demonstrate all of the elements necessary to establish a prescriptive easement, we hold that the District Court did not err in concluding that the Defendants failed to establish a prescriptive easement.

¶11. The District Court went on to rule that the Bank had established that Defendants' use of the parking spaces was by neighborly accommodation. The Defendants raise two issues relating to that ruling. However, we need not address those issues. Once the claimant has established the preliminary requirements for a prescriptive right, a presumption of adverse use arises; the burden then shifts to the owner of the land on which the prescriptive easement is claimed to establish permissive use or license. Until these elements are proven, the burden does not shift to the land owner. *Warnack v. Coneen Family Trust* (1994), 266 Mont. 203, 216, 879 P.2d 715, 723, appeal after remand, 278 Mont. 80, 923 P.2d 1087. Because the Defendants failed to establish all of the elements of prescriptive easement, the burden of proof did not shift to the Bank, and the court need not have gone on to consider whether Defendants' case was rebutted by proof of neighborly accommodation.

¶12. We affirm the decision of the District Court.


/S/ J. A. TURNAGE

No

We concur:

/S/ WILLIAM E. HUNT, SR.

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ KARLA M. GRAY