**GI MALALA and PULU TALALOTU
(for the Mauga family and Gi family), Plaintiffs,**

v.

**AMERICAN SAMOA GOVERNMENT, Defendant,**

High Court of American Samoa
Land and Titles Division

LT No. 10-01

October 17, 2001

Before RICHMOND, Associate Justice, and LOGOAI, Chief Associate Judge.

Counsel For Plaintiffs, Marshall Ashley and Jeffrey Waller
For Defendant, Fiti A. Sunia, Acting Attorney General, and
Tala Uiagalelei, Assistant Attorney General

## OPINION AND ORDER

Plaintiffs Gi Malala ("Gi") and Pulu Talalotu ("Pulu") seek injunctive relief against defendant American Samoa Government ("ASG"). The relief was initially aimed at preventing construction of a sidewalk between the main public road and a rock wall in the Village of Pago Pago. The requested relief was modified to removal of the sidewalk by the time of hearing on the application of Gi and Pulu for a preliminary injunction.

Pursuant to T.C.R.C.P. 65(a)(2), the Court consolidated the hearing on August 28 and September 4, 2001, on the application by Gi and Pulu for a preliminary injunction with the trial on the merits. Gi, Pulu, and counsel were present on both dates.

## Discussion

██ This controversy involves communal land of the Mauga and Gi families and has not yet been mediated by the Secretary of Samoan Affairs. Filing a Certificate of Irreconcilable Dispute upon the failure of dispute resolution proceedings before the Secretary is a jurisdictional prerequisite to proceeding with this action. *See* A.S.C.A. § 43.0302(a); *Meredith v. Koko*, 28 A.S.R.2d 149, 150 (Land & Titles Div. 1996). However, the Court can issue appropriate preliminary orders and stay further proceedings, rather than dismiss the action, until the Certificate is filed. *See* A.S.C.A. § 43.0303; *Moeigogi v. Faleafine*, 5 A.S.R.2d 131, 133 (Land & Titles Div. 1987). Gi and Pulu requested, and the court issued, a temporary restraining order to stop installation of the sidewalk temporarily. The order was served too late to prevent the work. However, ASG installed the sidewalk knowing the unresolved objections that Gi and Pulu had to it. This circumstance provides sufficient cause to consider the substantive need for a preliminary injunction.

The boundary of the land in question fronts approximately 300 feet along the public road through Pago Pago. The side of the land towards the Village of Satala is the Mauga family's communal land, explicitly named "Gagamoe." The side towards the head of Pago Pago Bay is the Gi family's communal land, explicitly named "Legati." However, the name "Gagamoe" is a commonly used reference to both lands, and we will use the name in this sense below.

██ The "Mauga" title is currently vacant. It is a paramount *matai* title of American Samoa and the highest-ranking title in Pago Pago. The "Gi" and "Pulu" titles are under the auspices of the "Mauga" title, and Gi and Pulu are among the *matai* titleholders who are responsible for the Mauga family's affairs during the vacancy in the title. "Gagamoe" is sacred land of the Mauga family. An ancient rock wall is situated inland from the rock wall next to the sidewalk. The ancient rock wall appears to be associated with the traditional site of the Mauga guesthouse. Former holders of the Mauga title are buried not far from the guesthouse site. According to the evidence, the Cession of Tutuila and Aunu'u, formalizing the relationship of American Samoa with the United States on April 17, 1900, was signed on "Gagamoe." Gi and Pulu considered the installation of the sidewalk to be disrespectful of the dignity of the "Mauga" title and thus decided to bring this action to correct ASG's affront. Given the vacant "Mauga" title, they have standing to sue under A.S.C.A. § 43.1309(b).

Both the new paved public sidewalks and public road are integral parts of the road project through Pago Pago that was recently undertaken and is essentially completed. Along "Gagamoe," the new road lies in large part

over the bed of the old road that was in existence well in excess of 30 years. The new road is wider than the old road, but most of the expansion is seaward, on the side opposite "Gagamoe." Pedestrians could previously walk along unpaved areas immediately adjacent to both sides of the old road. Now paved sidewalks exist on both sides of the new road and extend in both directions well beyond "Gagamoe." Thus, the safety of the road system in Pago Pago has been enhanced for both vehicles and pedestrians.

At the Gi family's end, the sidewalk straddles the bed of the old road and is approximately four feet from the rock wall. The sidewalk gradually strays further from the old roadbed. It is almost, if not entirely, off the roadbed at the Mauga family's end, but there it is approximately 10 feet from the rock wall. The best estimate is that approximately 300 square feet of the sidewalk is off the old roadbed and on previously unpaved land.

The precise means of ASG's acquisition of the bed of the old road is not entirely clear from the evidence. To the extent that the old road, followed the same path taken by the public road that was in place in 1900, ASG acquired title to the land by condemnation. *See* A.S.C.A. § 37.2050. Over time, the old road that was in place when the present renovation was initiated may have moved away from the 1900 road in some areas throughout Pago Pago. However, even if this is true, the witnesses testifying at the hearing in this action gave us the impression that the owners of the land affected by any changes in the roadway throughout the years dedicated their land to this purpose. In any event, given the length of time the public has used the old road as it existed when the present road project began, at the very least ASG acquired an easement in the roadbed. *See Warnack v. Coneen Family Trust*, 879 P.2d 715, 723 (Mont. 1994); *Sese v. Leota*, 9 A.S.R.2d 25, 33 (Land & Titles Div. 1988); 25 AM. JUR. 2D *Easements and Licenses* § 56 (1995); see *also Swift v. Kniffen*, 706 P.2d 296, 302 (Alaska 1985) (affirmative permission, not mere acquiescence, required to refute prescriptive easement). Based on the evidence at hand, it is uncontroverted that the old road in existence immediately before the present road rehabilitation project was and remains part of the public domain by title or easement. We therefore find that ASG rightfully installed the portion of the sidewalk over the old roadbed adjacent to "Gagamoe."

 Public roads are not, however, totally defined by the traveled portion the road. Virtually all paved roads have an engineering requirement of lateral support to maintain the paved portion of the road. Land ownership and easement rights extend to those uses that are incidental or necessary to the reasonable use of the land—this includes maintenance of thoroughfares. *See Le`i v. Olo*, 25 A.S.R.2d 33, 36-37

(App. Div. 1993); *Pasadena v. California-Michigan Land & Water Co.,* 110 P.2d 983, 986 (Cal. 1941); 25 AM. JUR. 2D *Easements and Licenses* § 83 (1995). We find no basis to except the road at issue. The evidence does not establish the exact extent of adjacent land that was needed for lateral support of the old road. However, the area of the sidewalk outside of the old roadbed is well within the area reasonably required for this purpose. We therefore also find that ASG rightfully installed the portion the sidewalk outside of the old roadbed adjacent to "Gagamoe."

■ A preliminary injunction is appropriate only when there is (a) a substantial likelihood that at trial on the merits the applicant will prevail and obtain a permanent injunction, and (b) great or irreparable injury will result to the applicant before a full and final trial can be fairly held on the propriety of a permanent injunction. A.S.C.A. § 43.1301(j). Gi and Pulu have established neither of these criteria and, therefore, are not entitled to a preliminary injunction. We further conclude that ASG is entitled to dismissal of this action on both the jurisdictional/procedural ground of the lack of a Certificate of Irreconcilable Dispute issued by the Secretary of Samoan Affairs and the substantive ground of ASG's property interests in the land upon which the new sidewalk is situated.

Although we will dismiss this action, we will add that we do not condone the way ASG has handled this dispute. Gi and Pulu acted in this matter on the basis of their obligations to protect the interests of the Mauga family while the "Mauga" title is vacant and on their good-faith belief that ASG was wrongfully taking the Mauga family's communal land. While ASG met with Pago Pago chiefs on several occasions to discuss the new road project and made some efforts to meet concerns about the project, it is evident that the prevailing attitude of ASG's representatives was to go forward with the project, using whatever land was necessary for the roadway and sidewalks, and resolve the authority issue later. This approach is impermissible. *See* AM. SAMOA CONST. art. I, § 2; A.S.C.A. §§ 37.2001, 37.2010; *Am. Samoa Gov't v. Isumu,* 4 A.S.R. 141, 143 (Land & Titles Div. 1974); *see also* U.S. CONST. amend. V & amend. XIV, § 1. It is also disrespectful and is all too prevalent in ASG's land dealings with the owners of land standing in the way of a project. Gi and Pulu would likely have been satisfied if ASG's representatives had shown more sensitive insight, concern, and respect for the customs and traditions of the Mauga family.

## Order

In any event, ASG is still entitled to dismissal of this and accordingly, it is dismissed.

It is so ordered.