JUSTICE WARNER
concurring.
¶96 I agree in the result reached by the majority opinion. I do not agree that the District Court necessarily made a mistake in its findings of fact when it found this was a matter of Ness’ “inability to control his impulses.” Decisions of fact are for the trial judge when the case is tried to the Court. See Han Farms, Inc. v. Molitor, 2003 MT 153, ¶ 9, 316 Mont. 249, ¶ 9, 70 P.3d 1238, ¶ 9.
¶97 The District Court found as matters of fact:
17. The Court finds that Michael sexually assaulted Kim without her consent.
18. The Court finds that Michael did not engage in actual fraud or actual malice. The facts indicate that he was attracted to Kim and was unable to control his impulses. His motive does not rise to the level of actual malice.
¶98 The District Court concluded as a matter of law that because the Court found as the trier of fact that Ness did not engage in actual fraud or actual malice he was not liable for punitive damages.
¶99 While the record might support a finding that Ness worked for several hours to place Beaver in a position where she would be vulnerable to assault, this Court must, in my view, accept the trial judge’s finding that such was not the case.
¶100 It was up to the trial judge to determine whether to believe Beaver when she said she continually objected to staying overnight.
¶101 Whether there was indeed another room available before the pair had already checked into the motel, or whether Ness was telling the truth when he said it became available afterwards, is not for this Court to decide. The same is true whether she believed she would have to pay for her own room if she wanted one.
¶102 Whether Ness was untruthful when he said the overnight stay was work related is not for this Court to determine. From the cold record we cannot now say that the evidence unquestionably demonstrates that work related matters were not, at least initially, the reason for the stay in White Sulphur Springs and for renting the motel *65 room.
¶ 103 It is not certain there was more work for these parties to do the next morning. Perhaps there was. The fact that there was no work actually done is understandable, given what happened the previous night. Again, this is for the fact finder.
¶104 It is the District Court that saw and heard the witnesses. Deliberate planning and lies amounting to actual fraud, based on clear and convincing evidence, in my view, should not be facts determined by this court.
¶105 Nevertheless, as stated in ¶ 78 above, § 27-1-221(2), MCA, provides that if Ness deliberately disregarded facts that created a high probability of injury to Beaver and still proceeded to act in intentional disregard of the high probability of such injury, he was guilty of actual malice. There is no mention of motive in the definition of malice.
¶106 The findings of the District Court that Ness assaulted Beaver and that he was unable to control his impulses, which must mean that the trial judge believed the assault was an unplanned, spur of the moment thing, does not change the fact that Ness acted intentionally and that he was aware of a high probability, even a certainty, that Beaver would be damaged.
¶107 Malice is present when there is a wish to vex, annoy, or injure another person. Cashin v. Northern Pac. Ry. Co. (1934), 96 Mont. 92, 110-11, 28 P.2d 862, 869. The statutory definition of actual malice, § 27-1-221(2), MCA, is an objective criterion for determining malice, which is based on a person’s deliberate behavior stemming from an intentional disregard for probable injury to another. Plouffe v. DPHHS, 2002 MT 64, ¶ 29, 309 Mont. 184, ¶ 29, 45 P.3d 10, ¶ 29. As a matter of law, the conduct of Ness as found by the District Court constitutes actual malice.
¶108 The District Court’s finding of fact that an assault occurred is supported by substantial evidence. The finding of fact that Ness’ motive did not rise to the level of actual malice is incorrect. The act of the assault constitutes malice. The District Court’s conclusion of law that Ness could not be liable for punitive damages is erroneous. Ergo, I agree that this matter must be remanded for consideration of punitive damages pursuant to § 27-1-220(1), MCA.