NO. 95-519

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

A.C. WARNACK, Trustee of the
A.C. WARNACK TRUST; and
KENNETH R. McDONALD,

      Plaintiffs, Appellants and
        Cross-Respondents,

   v.

THE CONEEN FAMILY TRUST; ELK CANYON
ASSOCIATES LIMITED PARTNERSHIP,
a Montana Limited Partnership; and
J. BOWMAN WILLIAMS,

      Defendants, Respondents and
        Cross-Appellants.

FILED

AUG 27 1996

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourteenth Judicial District,
             In and for the County of Meagher,
             The Honorable John R. Christensen, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

        John V. Potter, Jr., Attorney at Law, White Sulphur
        Springs, Montana

        Jean Faure; Church, Harris, Johnson & Williams,
        Great Falls, Montana

     For Respondents:

        Patrick F. Hooks; Luxan & Murfitt, Townsend,
        Montana

        Perry J. Moore, Cindy E. Younkin; Moore, O'Connell
        & Refling, Bozeman, Montana

Submitted on Briefs:  June 27, 1996

Decided:  August 27, 1996

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

A.C. Warnack and Kenneth R. McDonald (collectively Warnack) appeal and Coneen Family Trust, Elk Canyon Associates, and J. Bowman Williams (collectively Coneen) cross-appeal from the amended judgment and injunction order of the Fourteenth Judicial District Court, Meagher County. Warnack appeals from the District Court's determination that the easement at issue here was limited in scope to its use during the prescriptive period, and Coneen appeals from the determination that a prescriptive easement has been established. We affirm.

We address the cross-appeal first and restate the issues raised on appeal and cross-appeal as follows:

1. Did the District Court err in granting Warnack a private prescriptive easement over and across Coneen's lands?

2. Did the District Court err in restricting use of the prescriptive road easement to its use during the prescriptive period?

3. Should this Court adopt sections 478 and 479 of the Restatement of Property in determining the extent of a prescriptive easement?

This is the second appeal arising out of a dispute between landowners regarding a prescriptive easement. This Court reversed and remanded the District Court's grant of a prescriptive easement in an earlier opinion, Warnack v. Coneen Family Trust (1994), 266 Mont. 203, 879 P.2d 715 (Warnack I), for reconsideration of whether Warnack had proven the elements of prescription for the full statutory period and for a determination of the scope of the claimed prescriptive easement.

On remand, the District Court granted the easement finding that Warnack had satisfied the elements of prescriptive use of the roadway for the full statutory period and that the easement was limited in scope to its use during the prescriptive period. Warnack appeals and Coneen cross-appeals from this determination.

1. Did the District Court err in granting Warnack a private prescriptive easement over and across Coneen's lands?

Our standard of review for conclusions of law by a district court is whether the court's interpretation of the law is correct. Warnack I, 079 P.2d at 718 (citing Public Lands Access v. Boone & Crockett (1993), 259 Mont. 279, 283, 856 P.2d 525, 527).

Coneen filed a cross-appeal asserting that the District Court erred in finding that Warnack had established a prescriptive easement. In order to establish an easement by prescription, the party claiming the easement "must show open, notorious, exclusive, adverse, continuous and uninterrupted use of the easement claimed for the full statutory period." Leffingwell Ranch, Inc. v. Cieri (Mont. 1996), 916 P.2d 751, 754, 53 St.Rep. 453, 455 (citing Public Lands Access, 856 P.2d at 527).

The burden is on the party seeking to establish the prescriptive easement to prove all the elements of prescription. Leffinswell Ranch, 916 P.2d at 754. To be adverse, the use of the alleged easement must be exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owner of the land. Tanner v. Dream Island, Inc. (Mont. 1996), 913 P.2d 641, 648, 53 St.Rep. 208, 212. Such claim must be known to

3

and acquiesced in by the owner of the land. Tanner, 913 P.2d at 648. Once the claimant establishes open, notorious, exclusive, continuous and uninterrupted (unmolested) use for the full statutory period, a presumption of adverse use or adversity arises and the burden shifts to the landowner to prove permissive use or license. Warnack I, 879 P.2d at 723. If the owner shows permissive use of the alleged easement, no easement can be acquired because the theory of prescriptive easement is based on adverse use. Tanner, 913 P.2d at 648. This Court has recognized that "'where the use of a way by a neighbor was by express or implied permission of the owner . . . continuous use of the way by the neighbor [is] not adverse and [does] not ripen into a prescriptive right."' Tanner, 913 P.2d at 648 (quoting Public Lands Access, 856 P.2d at 528).

In Tanner, we recognized that the plaintiffs were under no duty to communicate to the landowner that they were using the road under a claim of right and adversely to the landowner. Tanner, 913 P.2d at 648. Accordingly, although the plaintiffs bear the burden of establishing that their claim is known to and acquiesced in by the owner, they need not specifically notify the servient landowners that they are using the easement under a claim of right. In this case, Coneen asserts that Warnack did not notify the servient landowners that he was using the primary easement under a claim of right. Coneen further asserts that the use of the easement was a "neighborly accommodation." Under our holding in Tanner, Coneen's first argument must fail--Warnack was not required

4

to communicate notice. In essence, Coneen's second argument is that Warnack's use of the primary easement was not open, notorious, or adverse--that it was a "neighborly accommodation."

This Court has held that "[i]n order to overcome the [claim of right] presumption, thereby saving its title from the encumbrance of an easement, the burden is on the defendant to show that the use was permissive." Tanner, 913 P.2d at 648 (citations omitted). In addressing this argument, the District Court found that:

> By reason of the foregoing findings, there arises a disputable presumption that the primary easement road was traveled under a claim of right not only by Plaintiffs, [Warnack] but by their predecessors which presumption must be overcome by Defendants [Coneen]. The use of the primary route was in fact exercised under a claim of right and not as a mere privilege or license revocable at the pleasure of the owners of the land and that claim was known to and acquiesced in by the Defendants and their predecessors and such use was adverse to the Defendants.
>
> .    .
>
> The Court specifically finds that though there was evidence of a local custom of neighborly accommodation or courtesy relating to many facets of the agricultural endeavors in the area, the use of the primary easement was based more on an assertion of the users' respective rights to use the road than it was based upon neighborly accommodation.

The court found that Coneen failed to prove that use of the primary easement by Warnack and his predecessors was in any way merely permissive or by revocable license. The court further noted that Coneen's assertion that the use had been permissive did not overcome the presumption of adverse use and acquiescence that Warnack established. Accordingly, the court concluded that the primary easement "[h]as been used by Plaintiffs [Warnack] and their predecessors in an open and notorious manner, under claim of right,

5

and such use has been adverse for a period of time exceeding the statutory period consisting of the early 1950's through October 1, 1988[.]"

The District Court's determination that Warnack had established an easement by prescription is well supported by the record. For example, Coneen's predecessor in interest, Jeff Doggett, testified that he never objected to Warnack's, or that of Warnack's predecessors in interest, use of the road and never required permission to use the road. In addition, Ben Hurwitz, defendant J. Bowman Williams' predecessor in interest who owned the servient estate from 1950-1991, testified that "[t]he idea of neighborly accommodation assumes that if you are not neighborly anymore that you could somehow stop a person from crossing you, and we never dreamed that we could have stopped anybody that had business on the end of that road." Although Coneen has pointed to additional or contradictory evidence in the record, we will not substitute our judgment for that of the trial court where the issue relates to the weight given to certain evidence or the credibility of the witnesses. Taylor v. State Compensation Ins. Fund (Mont. 1996), 913 P.2d 1242, 1245, 53 St.Rep. 201, 202 (citing Burns v. Plum Creek Timber Co. (1994), 268 Mont. 82, 84, 885 P.2d 508, 509). Accordingly, we hold that the District Court was correct in concluding that Warnack had established a private prescriptive easement over Coneen's property.

2. Did the District Court err in restricting use of the prescriptive road easement to its use during the prescriptive period?

6

In Warnack I, we remanded the case to the District Court and directed that "if the court determines that the Respondents [Warnack] have met their burden of proof and have established a prescriptive easement over the lands of the Appellants [Coneen]," then the court should determine the appropriate scope and extent of the easement under the following rule: "It is settled law in Montana that in acquiring a prescriptive easement, 'the right of the owner of the dominant estate is governed by the character and extent of the use during the period requisite to acquire it.'" Warnack I, 879 P.2d at 724 (quoting Marta v. Smith (1981), 191 Mont. 179, 183, 622 P.2d 1011, 1013).

We recently reiterated this principle in the case of Ruana v. Grigonis (Mont. 1996), 913 P.2d 1247, 1255, 53 St.Rep. 216, 222. In Ruana, we stated that "for prescriptive easements, the use of a roadway cannot exceed the use made of it during the prescriptive period." Ruana, 913 P.2d at 1255

On remand, the District Court followed our mandate and limited the scope of the easement to its use during the prescriptive period. The court found that Warnack and his predecessors in interest utilized the primary easement in an open, notorious, and exclusive manner continuously and uninterrupted from at least 1950 to 1988. Further, the District Court determined that:

> F. The right of the Plaintiffs [Warnack], heirs, successors, assigns and agents to use the primary road easement should be on foot, horseback, and all ordinary modern means of transportation for purpose of access to their lands, construction of a residence and outbuildings as necessary, all for agricultural purposes. Additionally, Plaintiffs have a right to access their property for hunting, fishing, camping and recreation.

7

It is the conclusion of the Court that the easement is governed by the character and extent of its use during the period requisite to acquire it and that the easement can not exceed the use which Plaintiffs and their predecessors made of it during the prescriptive period. This grants Plaintiffs an absolute right to access their property over the primary easement for all agricultural purposes, as well as hunting and fishing recreational purposes. It does not grant an easement for purposes of logging, mineral extraction or exploration, or subdividing of the real property. Such uses of the prescriptive easement would increase the burden on the servient landowners. None of the parties are hereby prohibited from placing gates or cattle guards on their respective properties but if locks are placed on gates, keys or combinations, as necessary, shall be provided to Plaintiffs and their agents.

G. All of the Defendants [Coneen], their heirs, successors, assigns and agents, shall be permanently enjoined and restrained from obstructing or interfering with Plaintiffs' use and enjoyment of the primary easement.

Warnack asserts that four homesteaders settled on the subject property in the early part of this century, thus, easements for four residences should be allowed. However, Warnack presented the District Court with this argument in his motion to amend the order. The District Court denied this motion to amend. Apparently, the District Court reasoned that during the prescriptive period, the easement had been used for only one seasonal residence and for agricultural and recreational purposes. Thus, under the direction given by this Court on remand in Warnack I, the District Court properly limited the scope of the easement to its use during the prescriptive period. See Ruana, 913 P.2d at 1255.

3. Should this Court adopt sections 478 and 479 of the Restatement of Property in determining the extent of a prescriptive easement?

Warnack urges this Court to adopt sections 478 and 479 of the

8

Restatement of Property. Citing a number of decisions from other jurisdictions, Warnack asserts that an evolutionary approach should be used in prescriptive easement cases to allow greater use of the easement over time. In this regard, Warnack argues that "the inflexible rule in <u>Marta v. Smith</u> should be reconsidered or clarified." Although Warnack may not cotton to the result reached by this Court in <u>Marta,</u> and more recently in <u>Ruana,</u> neither decision is the least bit unclear. In fact, on remand, the District Court appropriately applied the principles expressed in <u>Marta</u> finding a prescriptive easement and limiting its scope. The rule expressed in <u>Marta</u> and <u>Ruana</u> accurately reflects the scope of prescriptive easements in Montana and we decline ~~Concern's~~ Warnack's request to adopt sections 478 and 479 of the Restatement of Property.

Affirmed.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

August 27, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

John V. Potter, Jr.
Attorney At Law
Box 629, 200 South Central
White Sulphur Springs MT  59645

Jean Faure
Church, Harris, Johnson & Williams
Box 1645
Great Falls MT  59403-1645

Patrick F. Hooks
Luxan & Murfitt
207 Broadway, Box 1289
Townsend MT  59644-1289

Perry J. Moore, Cindy E. Younkin
Moore, O'Connell & Refling, P.C.
Box 1288
Bozeman MT  59771-1288

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy

IN THE SUPREME COURT OF THE STATE OF MONTANA

No. 95-519

---

A.C. WARNACK, Trustee of the
A.C. WARNACK TRUST; and
KENNETH R. McDONALD,

      Plaintiffs, Appellants and
         Cross-Respondents,

    v.

THE CONEEN FAMILY TRUST; ELK CANYON
ASSOCIATES LIMITED PARTNERSHIP,
a Montana Limited Partnership; and
J. BOWMAN WILLIAMS,

      Defendants, Respondents and
         Cross-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

O R D E R

FILED

SEP 19 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

---

On September 9, 1996, Plaintiffs/Appellants filed herein a Petition for Rehearing of this Court's August 27, 1996, Opinion; Defendants/Respondents filed Objections on September 13, 1996. This Court having considered the Petition and the Objections, and having corrected the three incorrect references from "Coneen" to "Warnack" on pages 8 and 9 of the slip opinion in this matter,

IT IS ORDERED that the petition for rehearing is denied.

DATED this 19th day of September, 1996.

Justices