FILED

February 3 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 14-0047

DA 14-0047

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 32N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

TERRY D. PARKS,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 10-371
Honorable Karen Townsend, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Robin A. Meguire, Attorney at Law; Great Falls, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General; Katie F. Schulz,
Assistant Attorney General; Helena, Montana

      Jesse Laslovich, Special Deputy Attorney General, Office of
Commissioner of Securities and Insurance; Helena, Montana

      Kristen Pabst, Missoula County Attorney; Missoula, Montana

Submitted on Briefs:  January 7, 2015
Decided:  February 3, 2015

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Terry Parks was charged by Amended Information with three counts of security fraud pursuant to § 30-10-301(1)(b), MCA. After a jury trial, Parks was found guilty of the three counts and sentenced to three consecutive ten-year terms, with the second and third terms suspended. Prior to sentencing, Parks filed a motion arguing that imposition of a sentence for each of the three counts violated § 46-11-410(2)(a), MCA, as they were included offenses arising from the same transaction. The District Court denied the motion and Parks subsequently appealed to this Court. *State v. Parks*, 2013 MT 280, 372 Mont. 88, 310 P.3d 1088 (*Parks I*).

¶3 In *Parks I*, we concluded that the District Court should have granted Parks' motion and vacated two of his convictions. *Parks I*, ¶ 31. We reversed two of Parks' convictions, affirmed the judgment with regard to a single conviction, and remanded the case with instructions that the District Court "resentence Parks on the one conviction," because "the District Court may have fashioned a different sentence had it correctly sentenced Parks based on only one conviction." *Parks I*, ¶ 36. We also dismissed Parks' claims of ineffective assistance of trial counsel without prejudice to raising those claims

2

in a postconviction proceeding, because the record was insufficient to analyze the reasons for the actions of trial counsel. *Parks I*, ¶ 35.

¶4 Justice Cotter wrote a special concurrence to the Court's opinion in which she concluded that the offense at issue was not an absolute liability crime, but because the State had taken that position before the District Court, it should have been limited to prosecution of an offense punishable by a fine not exceeding $500 under § 45-2-104, MCA. *Parks I*, ¶¶ 40-41 (Cotter, J., concurring). However, because this issue had not been raised, Justice Cotter did not urge reversal of Parks' conviction on this premise and wrote "only to suggest" that future felony prosecutions of this offense may face such a challenge. *Parks I*, ¶ 42 (Cotter, J., concurring).

¶5 Following remand, Parks, represented by new counsel, raised the issue discussed in the concurrence, arguing the remaining conviction should be vacated or limited to a fine of $500. His appellate briefing asserts that he also raised ineffective assistance claims against his trial counsel, as he did in his first appeal. The State disputes that such claims were raised on remand. The District Court rejected Parks' arguments and resentenced him to 10 years in prison with 5 years suspended for the single count of securities fraud.

¶6 On appeal, Parks argues the offense at issue was not an absolute liability offense, and because the State did not prove, and the jury was not instructed, on mental state, the conviction fails and must be reversed; that he was deprived of effective assistance of counsel in the handling of the issue at trial; or, alternatively, that his sentence is illegal

3

because, as an absolute liability offense, the sentence was limited to imposition of a fine not exceeding $500.

¶7 Trial court proceedings on remand are to comport with the mandate and the result contemplated by the appellate court's decision. *Brown & Brown of MT, Inc., v. Raty*, 2013 MT 338, ¶ 10, 372 Mont. 463, 313 P.3d 179; *see also Haines Pipeline Constr. v. Montana Power Co.*, 265 Mont. 282, 290, 876 P.2d 632, 637 (1994). Here, Parks has lost sight of our decision in *Parks I* and the remand instructions. In *Parks I*, we affirmed his felony conviction, dismissed his ineffective assistance claims without prejudice to pursuing postconviction relief, and remanded with instructions to the District Court to impose a new sentence on Parks' single felony conviction. *Parks I*, ¶ 36. Thus, the issues of whether § 30-10-301, MCA, is an absolute liability offense requiring reversal or whether Parks' counsel rendered ineffective assistance were not left open by our decision and could not be raised on remand. These issues are also improperly raised here, but Parks may raise them in a postconviction proceeding. Likewise, Parks' alternative argument that his felony sentence is illegal because, as an absolute liability offense, the sentence is limited to a fine not exceeding $500 under § 45-2-104, MCA, was not raised in *Parks I*. Our remand for imposition of a new felony sentence foreclosed consideration of this issue on remand.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The

4

issues in this case are legal and are controlled by settled Montana law, which the District Court correctly interpreted.

¶9      Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ MICHAEL E WHEAT
/S/ PATRICIA COTTER