FILED

01/03/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0192

DA 16-0192

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 2N

PAT CAHILL, RONNIE D. CURTIS and CRAIG
M. CURTIS, RANDIE CURTIS, DONNA M.
SARGENT, MARK G. GOLDHAHN, MONICA
R. GOLDHAHN, LONNY R. ANDREASEN,
TERRY JENDRO and SHANNON JENDRO,

        Plaintiffs and Appellees,

    v.

PAPA'S CABIN, LLC

APPEAL FROM:   District Court of the Third Judicial District,
                   In and For the County of Powell, Cause No. DV 14-22
                   Honorable Ray Dayton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

                R.J. "Jim" Sewell, Jr., Craig D. Charlton, Scott H. Clement, Smith Law
                Firm, P.C., Helena, Montana

        For Appellee:

                Marcel A. Quinn, Hammer, Quinn & Shaw, PLLC, Kalispell, Montana

                           Submitted on Briefs:  November 10, 2016

                                  Decided:   January 3, 2017

Filed:

                                 Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Papa's Cabin, LLC, appeals the Third Judicial District Court's order granting summary judgment on Appellees' claim that they possessed a prescriptive easement on a road crossing Papa's Cabin's property.[1] We affirm.

¶3 The Evanses—parents of one of the Claimants, Pat Cahill—owned land that now constitutes all of Claimants' respective properties. In order to access their property, the Evanses constructed a roadway in 1954 across the property of their neighbors, the Parkers—the property now owned by Papa's Cabin. The Evanses did not ask the Parkers' permission before they built the road.

¶4 The Evanses lived and operated a sawmill business on their property from 1954 to the 1970s. Their family, friends, and customers used the road almost daily during that time. The road sat in close proximity to the Parkers' cabin. The first time the Evanses met the Parkers was after they built and had started using the road; they later agreed to the Parkers' request to move the road farther from the cabin.

---

[1] Appellees are Pat Cahill, Ronnie Curtis, Craig Curtis, Randie Curtis, Donna Sargent, Mark Goldhahn, Monica Goldhahn, Lonny Andreasen, Terry Jendro, and Shannon Jendro. We refer to them collectively as "Claimants."

2

¶5    In August 2013, Papa's Cabin locked a gate on its property to prevent Claimants from using the road. Cahill then filed a petition for a permanent prescriptive easement. Cahill's claim was consolidated with claims of the remaining Appellees over Papa's Cabin's objection.

¶6    The District Court granted summary judgment to Claimants. It concluded that no genuine issue of fact existed as to whether Claimants' use of the road was open, notorious, exclusive, continuous, or uninterrupted and that Papa's Cabin had failed to present facts showing that Claimants' use of the road was permissive. Finally, the court found that the original scope of the prescriptive easement encompassed both residential and commercial use and that the easement's current residential use did not exceed its original scope.

¶7    On appeal, Papa's Cabin contends that Claimants bore the burden of demonstrating that their use of the road was adverse and that they failed to satisfy that burden. Alternatively, Papa's Cabin argues that even if it bore the burden of demonstrating that Claimants' use of the road was permissive, it presented sufficient evidence to raise a genuine issue of material fact on this question. Lastly, Papa's Cabin asserts that the District Court erred by expanding the scope of the original easement and by permitting joinder of the parties and consolidation of their actions for trial.

¶8    We review de novo a district court's ruling on summary judgment, applying the criteria of M. R. Civ. P. 56(c)(3). *Citizens for a Better Flathead v. Bd. of Cnty. Comm'rs*, 2016 MT 256, ¶ 10, 385 Mont. 156, 381 P.3d 555. Summary judgment is proper only when no genuine issues of material fact exist and the moving party is entitled to judgment

as a matter of law. *Harrington v. Crystal Bar, Inc.*, 2013 MT 209, ¶ 9, 371 Mont. 165, 306 P.3d 342. Once the moving party meets its initial evidentiary burden demonstrating facts to support its entitlement to judgment as a matter of law, the burden shifts to the non-moving party to present substantial evidence, as opposed to mere denial, speculation, or conclusory statements, raising a genuine issue of material fact. *Ternes v. State Farm Fire & Cas. Co.*, 2011 MT 156, ¶ 27, 361 Mont. 129, 257 P.3d 352. We review a district court's determination of judgment as a matter of law for correctness. *Roe v. City of Missoula*, 2009 MT 417, ¶ 14, 354 Mont. 1, 221 P.3d 1200.

¶9 A party seeking to establish a prescriptive easement must show "open, notorious, exclusive, adverse, continuous[,] and uninterrupted use of the claimed easement" for a period of five years. *Lemont Land Corp. v. Rogers*, 269 Mont. 180, 183, 887 P.2d 724, 726 (1994). It is well established that a presumption of adverse use arises once the claimant establishes the other five elements; the burden then shifts to the landowner opposing the prescriptive easement to prove that the use was permissive rather than adverse. *Lemont*, 269 Mont. at 185, 887 P.2d at 727-28; *Brown & Brown of MT, Inc. v. Raty*, 2012 MT 264, ¶ 19, 367 Mont. 67, 289 P.3d 156; *Albert v. Hastetter*, 2002 MT 123, ¶ 20, 310 Mont. 82, 48 P.3d 749; *Larsen v. Richardson*, 2011 MT 195, ¶ 57, 361 Mont. 344, 260 P.3d 103; *Glantz v. Gabel*, 66 Mont. 134, 141, 212 P. 858, 860 (1923). "[I]f the owner of the servient estate shows that use was permissive," the claimant cannot acquire a prescriptive easement. *Leisz v. Avista Corp.*, 2007 MT 347, ¶ 17, 340 Mont. 294, 174 P.3d 481.

¶10 The District Court reviewed undisputed evidence that the Parkers were aware of the Evanses' use of the road, that the Evanses' use of the road did not depend on anyone else's use of the road, and that the Evanses and their successors used the road continuously and without interruption from 1954 until 2013. Based on these undisputed facts, the court concluded correctly that Claimants demonstrated open, notorious, continuous, uninterrupted, and exclusive use of the road for well over five years. *See Lemont*, 269 Mont. at 183, 887 P.2d at 726. The court then properly shifted the burden to Papa's Cabin to show that a genuine issue of material fact existed as to whether Claimants used the road with permission. *See Lemont*, 269 Mont. at 185, 887 P.2d at 727-28. Papa's Cabin failed to meet its burden because it did not present evidence that the Evanses' use of the road was permissive between 1954 and 1959—the five-year period in which the District Court determined that the prescriptive easement was established. *See Lemont*, 269 Mont. at 183, 887 P.2d at 726.

¶11 The only evidence that Papa's Cabin presented that did not clearly pertain to the 1960s or later—deposition testimony from Pat Cahill that her parents, the Evanses, asked the Parkers for a written easement at one time after the road was built—is inadmissible hearsay. The conversation that Cahill described constitutes an out-of-court statement offered "to prove the truth of the matter asserted"—that the Evanses sought a written easement. M. R. Evid. 801(c). Claimants moved to exclude this statement from consideration on summary judgment. The District Court was not required to consider the testimony in its summary judgment ruling. *See N. Cheyenne Tribe v. Roman Catholic Church*, 2013 MT 24, ¶ 21, 368 Mont. 330, 296 P.3d 450 ("District courts need consider

5

only admissible evidence when determining whether to grant a motion for summary judgment.").

¶12 We are unpersuaded by Papa's Cabin's argument that Cahill's testimony was not hearsay because it qualifies as an admission by a party-opponent under M. R. Evid. 801(d)(2)(A). That testimony was not an admission by a party-opponent, because the Evanses are not a party to this action.

¶13 The admissible evidence before the District Court undisputedly established that the Evanses acquired a prescriptive easement by 1959. In reviewing this evidence, the court correctly determined that Claimants satisfied their burden and that Papa's Cabin did not satisfy its burden. *See Roe*, ¶ 14; *Ternes*, ¶ 27.

¶14 Finally, the District Court rightly found that Claimants' use of the road did not exceed the easement's original scope. We have held, in the context of a prescriptive easement, that the "right of the owner of the dominant estate is governed by the character and extent of the use during the period requisite to acquire it." *Brown & Brown of MT, Inc. v. Raty*, 2013 MT 338, ¶ 13, 372 Mont. 463, 313 P.3d 179 (*Brown II*). When the Evanses acquired the prescriptive easement in the 1950s, the "character and extent of the use" included both residential and commercial use. *Brown II*, ¶ 13. Claimants presented evidence that they now use the road primarily for residential purposes and not for commercial purposes. They satisfied their burden of establishing that their use of the easement did not exceed the easement's original scope. *See Ternes*, ¶ 27. Papa's Cabin failed to meet its burden of presenting evidence that Claimants exceeded the residential

and commercial scope of the easement. *See Ternes*, ¶ 27. As such, the court's ruling on summary judgment was proper. *See Harrington*, ¶ 9.

¶15    Because we affirm the District Court's award of summary judgment to Claimants, we do not address Papa's Cabin's assertion that the court erred in permitting joinder of the Appellees and consolidation of their actions for trial.

¶16    We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. The District Court's order granting summary judgment to Claimants is affirmed.


                                                    /S/ BETH BAKER

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE