FILED

04/01/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0520

DA 24-0520

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 66N

ELGIN FABER and COLLEEN FABER,

       Plaintiffs, Appellants,
       and Cross-Appellees,

    v.

KEITH RATY, COLLEEN RATY, and all
other persons, unknown, claiming or who
might claim any right, title, estate, or interest
in or lien or encumbrance upon the real property
described in the complaint adverse to plaintiffs'
ownership or any cloud upon plaintiffs' title,
whether the claim or possible claim is present
or contingent,

       Defendants, Appellees,
       and Cross-Appellants.

APPEAL FROM:    District Court of the Twelfth Judicial District,
                In and For the County of Hill, Cause No. DV-16-003
                Honorable John A. Kutzman, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

              Michael F. McGuinness, Patten, Peterman, Bekkedahl & Green, P.L.L.C.,
              Billings, Montana

       For Appellees:

              Devon M. Conroy, Davis, Hatley, Haffeman & Tighe, P.C., Great Falls,
              Montana

                       Submitted on Briefs:  March 19, 2025
                               Decided:  April 1, 2025

Filed:

                       _____
                                 Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　Elgin and Colleen Faber ("the Fabers") appeal from the Twelfth Judicial District Court, Hill County's July 10, 2024 Second Amended Findings of Fact and Conclusions of Law, and Judgment, and Order to Close modifying its prior Judgment to conform with our opinion in *Faber v. Raty*, 2023 MT 227, 414 Mont. 144, 539 P.3d 1096 (*Faber I*). Keith and Colleen Raty ("the Ratys") cross-appeal.

¶3　Relevant to the present appeal, in *Faber I* we reversed the District Court's prior Judgment and remanded "with instructions to conform the . . . Judgment to reflect our holding that the Ratys' prescriptive easement [over the Olson Road] is limited in scope to the historic agricultural, recreational, and residential uses of the road by the Ratys and their predecessors between approximately 1948 and 1997." *Faber I*, ¶ 53. Specifically, we held that "the Ratys' easement is properly limited to trailing approximately 200 cow-calf pairs," not the 300 pairs originally allowed by the District Court.[1] *Faber I*, ¶ 50. On remand, the District Court modified its Judgment to read, in relevant part, that the Ratys' Olson Road easement "includes, but is not limited to, moving up to 200 cow-calf pairs," and that "the

---

[1] We also reversed the District Court's determination that the Ratys had a prescriptive easement over Quarter Gulch Road, and the District Court conformed its July 10, 2024 Judgment accordingly. That issue is not part of this appeal.

Ratys are expected to use best efforts to keep their cattle as close to the road as is reasonably possible, but the cattle are not required to remain at all times within the sixty-foot width of the easement."

¶4 On July 15, 2024, the Fabers moved to reopen the case, arguing that the July 10, 2024 Judgment did not comply with our instruction in *Faber I* to limit the scope of the Ratys' easement to "uses of the road by the Ratys and their predecessors between approximately 1948 and 1997." The Fabers argued that the District Court was required to include specific language in its Judgment limiting the frequency of the Ratys' use of the road to move cattle and specifying that they could not rest their cattle on the road while in transit. The Ratys responded that the District Court was not required to make the changes the Fabers had requested, but that it was required to change the phrase "up to 200 cow-calf pairs" to "approximately 200 cow-calf pairs."

¶5 The District Court issued an Order Refusing Further Amendments to the Judgment on August 12, 2024. In its Order, the District Court declined to specify "the precise dates each Spring and Fall when the Ratys can move their cattle up and down the Olson Road" or "the precise time the cattle have to be off of the Faber property." It also declined to unnecessarily amend the order to address the "alleged ambiguit[y]" stemming from the difference between "up to" and "approximately."

¶6 Whether the District Court has complied with the remand instructions is a question of law, which we review for correctness. *Brown & Brown of MT, Inc. v. Raty*, 2013 MT 338, ¶ 8, 372 Mont. 463, 313 P.3d 179 (*Brown II*).

3

¶7     Both parties raise on appeal substantially the same arguments they made to the District Court after it entered its July 10, 2024 Judgment. What these arguments boil down to is that both parties would prefer further clarification of the scope of the Ratys' easement. The Fabers seek further clarity on the frequency and duration of the Ratys' right to move cattle across their land. The Ratys seek further clarity on the number of cattle they are permitted to move across the Fabers' land. While we have certainly required district courts to set out the scope of an easement with sufficient clarity to put the parties on notice of their rights and duties, we have never endorsed the level of granularity requested by the parties in this case. *See Brown II*, ¶¶ 13-14 (discussing *Warnack v. Coneen Family Tr.*, 278 Mont. 80, 85-86, 923 P.2d 1087, 1090-91).

¶8     The Ratys point to the District Court's finding that "[t]he Ratys' predecessors used the Olson Road for [moving cattle] under a claim of right, whenever they wanted," to assert that they may move cattle up and down the Olson Road with any frequency they choose. The Fabers point to testimony from one of the Ratys' predecessors that he only trailed cattle on the Olson Road "twice per year" to assert that the Ratys may only move their cattle across the Fabers' property with that frequency. These are not irreconcilable findings. The Ratys may only have the right to trail each cow or calf up the road once a year and down the road once a year consistent with the historical use of the easement. But this does not foreclose the possibility that circumstances may require some of the allotted 200 cow-calf pairs to be moved at different times, again consistent with the historical use of the easement.

4

¶9 The District Court entered detailed findings of fact regarding the relevant conduct of the respective parties and their predecessors-in-interest between 1948 and 1997. The District Court's July 10, 2024 Judgment, along with its August 12, 2024 Order, established that the Ratys may move "up to" 200 cow-calf pairs across the Fabers' land twice per year, as the record reflects was done for almost 50 years without incident. Five decades of conduct provides a more than adequate exemplar for the parameters moving forward.

¶10 To the extent that the difference between "up to" and "approximately" has caused some confusion, that confusion is of our making, not the District Court's. When we used the word "approximately" in *Faber I*, it was in an attempt to mirror the testimony at trial, not to alter the specifications of the easement, as found by the District Court. The District Court properly phrased the upper limit on the number of cattle the Ratys may trail across the Fabers' land, consistent with the record before it, as "up to 200 cow-calf pairs."

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent. Affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ KATHERINE M BIDEGARAY
/S/ BETH BAKER
/S/ INGRID GUSTAFSON
/S/ JIM RICE